```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


UNITED STATES OF AMERICA,        §
                                 §
            Petitioner,           §
                                 §
v.                               §   MISCELLANEOUS NO. H-06-0383
                                 §
LUOTO J. BRAQUET,                §
                                 §
            Respondent.          §
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the government's motion to hold respondent, Luoto J. Braquet, in contempt of court for failure to comply with an order compelling compliance with an Internal Revenue Service administrative summons (Docket Entry No. 13). For the reasons stated below, the motion will be denied.

**I. Background**

On May 17, 2006, the Internal Revenue Service issued to and served upon respondent, Luoto J. Braquet, an administrative Summons concerning his tax liability.[1] The Summons commanded respondent to appear and testify before Internal Revenue Service Officer James Ashton on June 1, 2006, and to produce books and records relating to the collection of respondent's tax liabilities for the years 2000 through 2003. Respondent failed to appear and failed to produce any of the documents and records summoned.

---

[1] Exhibit 2 to Petition to Enforce Internal Revenue Service Summons (Docket Entry No. 1).

On September 18, 2006, the government filed a Petition to Enforce Internal Revenue Service Summons (Docket Entry No. 1). On December 1, 2006, the court held a show cause hearing and entered an Order Compelling Compliance with Summons (Docket Entry No. 5), ordering respondent to appear before Internal Revenue Service Officer Ashton, or a designated agent, on December 14, 2006, and produce the records and testimony called for in the summons. On December 27, 2006, the government filed a Motion for Contempt of Court (Docket Entry No. 13), stating that while respondent had appeared before Officer Ashton on December 14, as ordered, respondent failed to produce requested records and give testimony in violation of this court's December 1 order.

On February 16 and 22, 2007, this court held a show cause hearing on the government's motion for contempt. At the hearings Officer Ashton testified that respondent refused to answer many of his questions at their December 14 meeting and did not bring any pertinent records other than an electricity bill with meter readings. On direct examination respondent answered all questions asked by the government. Respondent also testified that he does not keep financial records.

### II.  Findings of Fact and Conclusions of Law

1. Through its evidence and testimony the government established that respondent did not comply with the court's Order Compelling Compliance with Summons.

2. The burden therefore shifted to respondent to present some evidence or explain or justify his refusal to comply. <u>United States v. Rylander</u>, 103 S. Ct. 1548, 1551 (1983); <u>United States v. Sorrells</u>, 877 F.2d 346, 348-49 (5th Cir. 1989) ("Once a district court orders the enforcement of a summons requesting the production of documents, there arises a presumption that documents of the type described in the summons are in existence and in the continuing possession or control of the defendant.").

3. While respondent did not justify his refusal to answer Officer Ashton's questions on December 14, the government acknowledged that respondent purged himself of contempt while on the witness stand by answering all of its questions under oath.

4. On direct examination respondent testified that he does not keep the kind of financial records requested by the summons. The government offered no proof that respondent keeps such records and stated that it was "not in a position to be able to rebut [respondent's] testimony." Respondent has therefore rebutted the presumption that he is able to comply with the court's order with regard to the documents requested in the summons.

## ORDER

Because respondent has purged himself by answering the government's questions and has rebutted the presumption that he

maintains the records sought by the summons, the court declines to hold respondent in contempt. Petitioner's Motion for Contempt of Court (Docket Entry No. 13) is therefore **DENIED**.

The March 1, 2007, hearing is **CANCELED**.

**SIGNED** at Houston, Texas, this 28th day of February, 2007.

```
                           _____
                                      SIM LAKE
                           UNITED STATES DISTRICT JUDGE
```